**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALVIN MCCARTER,

Plaintiff,

v.

BARACK OBAMA, HOLLYWOOD,
ELON MUSK, DONALD TRUMP,
LAND LORD, INDIA ROYALE,
WHIPPING WORK, CREATOR OF
DRAFT KING, JOKE MONEY,
CHICK-FI-LAY, COOK COUNTY,
HALFWAY HOUSE BY MY HOME,

Defendant.

Case No. 26-cv-03779

Judge Mary M. Rowland

**ORDER**

Plaintiff Alvin McCarter brings this *pro se* lawsuit against various Defendants, including former President Barack Obama and current President Donald Trump. [1]. Before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") [4], Plaintiff's motion for attorney representation [5], and Plaintiff's complaint for initial review under 28 U.S.C. § 1915(e)(2). For the reasons explained herein, Plaintiff's application to proceed IFP [4] is granted, Plaintiff's motion for attorney representation is denied, and Plaintiff's complaint [1] is dismissed with prejudice.

**STATEMENT**

The federal IFP statute allows a litigant to pursue a case in federal court without paying fees provided that the litigant submits an affidavit which asserts an inability to pay, 28 U.S.C. § 1915(a)(1), and as long as the action is not frivolous or malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

*A. IFP Application*

"To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec.*

1

*Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021) (citing 28 U.S.C. § 1915(a)(1)). "In order to proceed in forma pauperis, 'a plaintiff's income must be at or near the poverty level.'" *Barnes v. Reynolds*, No. 20-CV-5796, 2021 WL 4945191, at *2 (N.D. Ill. Feb. 1, 2021) (citations omitted).

Plaintiff states in his IFP application that he is unemployed and that he receives only $290 in unemployment, public assistance, or welfare income. [4] at 1. Given that Plaintiff is unemployed and he receives government assistance, the Court finds that Plaintiff is indigent and that he qualifies to proceed *in forma pauperis*.

### B. *Complaint Review*

After finding a person qualifies to proceed *in forma pauperis*, the Court must screen the complaint and dismiss the action if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* complaints are held to a less stringent standard, they are not excused from meeting the basic requirements of the federal rules. *Killebrew v. St. Vincent Health*, 295 Fed. App'x 808, 810 (7th Cir. 2008).

Plaintiff's complaint alleges that Plaintiff's landlords' "workers are going in and out of [his] house[,] spitting in [his] food, and people in [his] building Hollywood Barack." [1] at 2. He further alleges that various people, including comedian Kevin Hart, are "harassing [him]", "look[ing] at [his] memories", "breaking the law saying [he is] a serial killer", accusing him of "being a pedophile", "Obama . . . [is] trying to have [Plaintiff] shot", "devil worshippers [are] following [him]", and the FBI is trying to force Plaintiff to "commit suicide by walking in the street against [Plaintiff's] will". *Id.* at 3-11. Lastly, he alleges that he needs protection from "people who want to kill [him] and [are] trying to get [Plaintiff] to sleep with people who have AIDS." *Id.* at 14.

The complaint is difficult for the Court to follow and nonsensical. Even construing the complaint liberally, as the Court must, the complaint falls well below pleading standards. Indeed, here, Plaintiff either fails to state a claim, fails to identify a valid cause of action, or both. The Court finds that the allegations are nonsensical, irrational, and frivolous; there is no support for Plaintiff's allegations and no basis

for liability against the named defendants, such as former and current presidents, Chick-Fil-A, or various celebrities. The court accordingly dismisses the complaint for frivolousness.

Normally, a court dismisses an original complaint *without* prejudice to allow a plaintiff an opportunity to cure deficiencies in the original pleading. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996) (district courts are to allow a *pro se* plaintiff ample opportunity to amend the complaint when it appears the plaintiff can state a meritorious claim). However, the Court may dismiss the complaint with prejudice when it finds that any amendment would be futile. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where . . . the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Considering Plaintiff's allegations in the complaint and the irrational nature of his claims, the Court finds any amendment would be futile. *See Mitchell v. Dart*, No. 14 C 8154, 2015 WL 13893646, at *1 (N.D. Ill. Dec. 29, 2015) (the Court need not accept "fantastic or delusional factual allegations and may dismiss complaints based on allegations that are clearly baseless") (internal citations omitted). Plaintiff's complaint [1] is dismissed with prejudice.

### C. Motion for attorney representation

Plaintiff's motion for attorney representation is denied because he has failed to contact anyone, and because his complaint is dismissed with prejudice. Accordingly, the motion [5] is denied as moot.

## CONCLUSION

For the reasons stated herein, Plaintiff's complaint [1] is dismissed with prejudice, the motion for IFP [4] is granted and the motion for attorney representation [5] is denied. Civil case terminated. The Clerk is directed to send a copy of this order to Plaintiff.

E N T E R:

Dated: April 10, 2026

_____
MARY M. ROWLAND
United States District Judge

3